# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 19-21391-Civ-WILLIAMS/TORRES

KENDRA MOORE,

    Plaintiff,

v.

KING GAME, INC., a Florida for-profit
Corporation d/b/a DR. BILLIARDS
and MARC. O. FITZ-RITSON,

    Defendants.

_____/

## ORDER ON PLAINTIFF'S MOTION FOR SANCTIONS

This matter is before the Court on Kendra Moore's ("Plaintiff") motion for sanctions against King Game, Inc. ("Defendant" or "King Game"). [D.E. 38]. Defendant failed to respond to Plaintiff's motion and the time to do so has now passed. Therefore, Plaintiff's motion is now ripe for disposition. After careful consideration of the motion, relevant authorities, and for the reasons discussed below, Plaintiff's motion for sanctions is **GRANTED**.

### *I.    ANALYSIS*

On April 11, 2019, Plaintiff filed a complaint against King Game and Marc O. Fitz-Ritson ("Mr. Fitz-Ritson") for violations of the Fair Labor Standards Act ("FLSA"). On August 26, 2019, Plaintiff served King Game with her first set of

1

interrogatories and her first request for production. King Game never responded to Plaintiff's discovery requests. The parties then scheduled a discovery hearing before the undersigned on November 8, 2019 because of King Game's failure to respond. The Court directed King Game to respond to Plaintiff's discovery requests on or before November 15, 2019 and, as a sanction, that all objections to the discovery would be waived. The Court memorialized that ruling in a written order on November 18, 2019.[1] [D.E. 36]. Because King Game failed to respond by November 15, 2019, never contacted Plaintiff's counsel before missing the deadline, and failed to file an extension of time, Plaintiff requests sanctions under Rule 37.

A district court has broad authority under Rule 37 to control discovery. Federal Rule of Civil Procedure 37(b) authorizes the court to impose such sanctions "as are just" against a party that violates an order compelling discovery. Fed. R. Civ. P. 37(b)(2). The Rule includes a list of possible sanctions:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

---

[1] After the discovery hearing, Mr. Fitz-Ritson filed a suggestion of bankruptcy on November 14, 2019. [D.E. 34]. The Court entered an Order later the same day staying the case, but only to Mr. Fitz-Ritson. The Court did not stay the case against King Game – meaning that King Game was still required to respond to Plaintiff's discovery requests by November 15, 2019.

2

Fed. R. Civ. P. 37(b)(2)(A).

Where, as here, a party seeks to enforce Rule 37's sanctions, "[t]he burden of establishing that a failure to disclose was substantially justified or harmless rests on the nondisclosing party." *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009) (quotation omitted). In addressing this issue, reviewing courts consider the nondisclosing party's explanation for the failure, the importance of the information, and whether the opposing party is prejudiced by the discovery violation. *See Lips v. City of Hollywood*, 350 F. App'x 328, 340 (11th Cir. 2009) (citing *Romero v. Drummond Co.*, 552 F.3d 1303, 1321 (11th Cir. 2008)). The Eleventh Circuit has observed that the first and third factors, together, can outweigh the second. *See Bearint ex rel. Bearint v. Dorell Juvenile Grp., Inc.*, 389 F.3d 1339, 1353 (11th Cir. 2004) ("Regardless of the importance of [the] testimony, the reasons for the delay in the . . . disclosure and the consequent prejudice that [the] testimony would have caused [the nonmoving party] require us to affirm the district court's ruling.").

In the end, the Court has substantial discretion in deciding whether and how to impose sanctions under Rule 37. *See Long v. East Coast Waffles, Inc.*, 762 F. App'x 869, 871 (11th Cir. 2019); *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997). A district court is authorized, for example, to dismiss a case for failure to prosecute or failure to comply with a court order or the federal rules. *See* Fed. R. Civ. P. 41(b); *see also Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999). Dismissal under Rule 41(b) is appropriate where

3

"there is a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'" *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985) (quotation and citation omitted). On appeal, a court's resolution of a discovery violation will be upheld absent an abuse of that broad discretion. *See Taylor v. Mentor Worldwide LLC*, 940 F.3d 582, 593 (11th Cir. 2019). "An abuse of discretion occurs only when the district court relies on a clearly erroneous finding of fact or an errant conclusion of law, or improperly applies the law to the facts." *Id.* (citing *Adams v. Austal U.S.A., LLC*, 754 F.3d 1240, 1248 (11th Cir. 2014)).

Plaintiff argues that King Game never responded to her discovery requests despite a Discovery Order directing Defendant to do so. Plaintiff also claims that Defendant never contacted Plaintiff's counsel to explain its failure nor did Defendant file a motion for an extension of time. On December 10, 2019, the Court stated in a paperless Order that Defendant must respond to Plaintiff's motion for sanctions to show cause why Rule 37 sanctions should not be imposed. [D.E. 40]. If Defendant failed to do so, the Court warned Defendant that sanctions may be granted under Rule 37. The Court then gave Defendant leave to file a response on or before December 17, 2019. [D.E. 40].

Given the record presented, Plaintiff's motion is well taken because there is nothing to find that Defendant has complied with the Court's Discovery Order. The Court directed Defendant to respond to Plaintiff's discovery requests (1) at a discovery hearing on November 8, 2019, (2) in a written Order on November 18, 2019 [D.E. 36], and (3) in a paperless Order on December 10, 2019. [D.E. 40]. But,

4

Defendant has failed to do so and has even failed to file a response in opposition to Plaintiff's motion explaining the reasons for its noncompliance. The record is therefore devoid of any explanation to find that Defendant's failure to respond to Plaintiff's discovery requests was substantially justified or harmless.

The only question remaining is the appropriate sanction that should be imposed. There is no question that Plaintiff is entitled to recover the time spent in obtaining Defendant's compliance with the Court's Discovery Order, including the time spent in drafting her motion for sanctions. The Court will therefore award Plaintiff $1,200 in attorneys' fees[2] (3 hours multiplied by $400 per hour) for Defendant's failure.

As for Plaintiff's request to strike Defendant's answer, the Eleventh Circuit considers this to be a more severe sanction that is appropriate *only* where the party's compliance with a court order is willful or in bad faith. *See Gordon v. Getter*, 2010 WL 11500084, at *2 (N.D. Ga. Aug. 31, 2010) ("The severe sanction of striking a party's pleading and entering default judgment, however, is only appropriate where the party's noncompliance with a court's discovery order is willful or in bad faith.") (citing *Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1543 (11th Cir. 1985); *see also Phipps v. Blakeney*, 8 F.3d 788, 790 (11th Cir. 1993) (addressing the similar sanction of dismissal with prejudice)). "Violation of a discovery order caused by simple negligence, misunderstanding, or inability to

---

[2]  Plaintiff's counsel is Peter Bober who has been a member of the Florida Bar since 1997.

5

comply will not justify a Rule 37 default judgment or dismissal." *Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1542 (11th Cir. 1993).

Here, there is no evidence that Defendant's failure to comply was the result of a misunderstanding, negligence, or an inability to comply. The Court issued repeated Orders for Defendant to comply with Plaintiff's discovery requests, yet Defendant ignored those directives at every turn. The Court stated on the record that Defendant must respond to Plaintiff's discovery requests and memorialized that ruling in a written Order on November 18, 2019. [D.E. 36]. When Plaintiff filed her motion for sanctions and Defendant failed to respond, the Court warned Defendant that a failure to file a response may result in additional sanctions, including the striking of Defendant's answer. The Court then gave Defendant more time to file a response (despite Defendant's failure to show good cause for an extension), but Defendant failed to do so.

Defendant has not complied with the Court's Discovery Order nor has Defendant filed a motion for an extension of time or any response for that matter to explain its repeated failure to comply with any of the Court's directives. "Such deliberate and intentional failure to comply with the Court's [D]iscovery Order is the type of willful violation that justifies the entry of default under Rule 37." *Gordon*, 2010 WL 11500084, at *3 (citing *Malautea*, 987 F.2d at 1542; *Heald v. Hill-Rom Co., Inc.*, 2006 WL 3747362, at *2 (S.D. Ga. Dec. 18, 2006) (striking a defendant's answer and entering default for the failure to comply with the court's discovery order)). Accordingly, Plaintiff's motion to strike Defendant's answer is

6

**GRANTED**, Defendant's answer to Plaintiff's complaint is stricken, and an entry of default is entered against Defendant. Plaintiff shall file a motion for final default judgment no earlier than twenty-one (21) days from the date of this Order.

## II.   *CONCLUSION*

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's motion for sanctions is **GRANTED**. Defendant shall pay Plaintiff $1,200 in attorneys' fees within seven (7) days from the date of this Order. Defendant's answer to Plaintiff's complaint is stricken and an entry of default is entered against Defendant. Plaintiff shall file a motion for final default judgment no earlier than twenty-one (21) days from the date of this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 27th day of December, 2019.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge