UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-21391-Civ-WILLIAMS/TORRES

KENDRA MOORE,

    Plaintiff,

v.

KING GAME, INC., a Florida for-profit
Corporation d/b/a DR. BILLIARDS
and MARC. O. FITZ-RITSON,

    Defendants.

_____/

**REPORT AND RECOMMENDATION
ON PLAINTIFF'S MOTION FOR FINAL DEFAULT JUDGMENT**

This matter is before the Court on Kendra Moore's ("Plaintiff") motion for final default judgment against Marc O. Fitz-Ritson ("Mr. Fitz-Ritson"). [D.E. 71]. No response was filed in opposition and the time to do so has now passed. Therefore, Plaintiff's motion is now ripe for disposition. After careful consideration of the motion and the record presented, Plaintiff's motion for final default judgment should be **GRANTED**.[1]

---

[1] On February 16, 2021, the Honorable Kathleen Williams referred Plaintiff's motion to the undersigned Magistrate Judge for disposition. [D.E. 72].

## I. BACKGROUND

On April 11, 2019, Plaintiff filed a complaint against King Game, Inc. ("King Game") and Mr. Fitz-Ritson (collectively, "Defendants") for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* Specifically, Plaintiff alleged that Defendants failed to pay her overtime and minimum wages. Plaintiff served Defendants on April 18, 2019 [D.E. 11] and Defendants filed an answer on May 30, 2019. [D.E. 12]. On November 14, 2019, Mr. Fitz-Ritson notified the Court that he filed a Chapter 13 Petition for Bankruptcy Relief in the United States Bankruptcy Court for the Southern District of Florida, Case No. 19-25307-RAM. [D.E. 34]. The Court then stayed this action against Mr. Fitz-Ritson pursuant to 11 U.S.C. § 362(a). [D.E. 35]. However, the Court lifted that stay on December 1, 2020 when the Bankruptcy Court dismissed Mr. Fitz-Ritson's petition. [D.E. 63]. Mr. Fitz-Ritson has, since that time, failed to comply with the Court's deadlines as a *pro se* defendant and has otherwise failed to defend this action.[2] For these reasons, Plaintiff now seeks final default judgment.

## II. APPLICABLE PRINCIPLES AND LAW

Rule 55 of the Federal Rules of Civil Procedure sets forth a two-step process for obtaining default judgment. First, when a defendant fails to plead or otherwise defend a lawsuit, the clerk of court is authorized to enter a clerk's default. *See* Fed.

---

[2] On December 10, 2019, the Court granted Mr. Fitz-Ritson's former counsel leave to withdraw from this case. [D.E. 40]. No other attorney has appeared on his behalf.

2

R. Civ. P. 55(a). Second, after entry of the clerk's default, the court may enter default judgment against the defendant so long as the defendant is not an infant or incompetent person. Fed. R. Civ. P. 55(b)(2). "The effect of a default judgment is that the defendant admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by entry by the judgment, and is barred from contesting on appeal the facts thus established." *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (internal quotation and citation omitted).

A court must review the sufficiency of the complaint before determining whether a moving party is entitled to default judgment pursuant to Rule 55(b). *See United States v. Kahn*, 164 F. App'x 855, 858 (11th Cir. 2006) (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206) (5th Cir. 1975)). "While a complaint . . . does not need detailed factual allegations," a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). If the admitted facts are sufficient to establish liability, the Court must then ascertain the appropriate amount of damages and enter final judgment in that amount. *See Nishimatsu*, 515 F.2d at 1206; *see also PetMed Express, Inc. v. MedPets.com, Inc.*, 336 F. Supp. 2d 1213, 1216 (S.D. Fla. 2004).

Damages may be awarded only if the record adequately reflects the basis for the award, which can be shown with submission of detailed affidavits establishing

3

the facts necessary to support entitlement to the damages requested. *See Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985). Rule 55 does not require an evidentiary hearing on the appropriate amount of damages, and it is within the Court's discretion to choose whether such a hearing should takes place. *See SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005); *Tara Productions, Inc. v. Hollywood Gadgets, Inc.*, 449 F. App'x 908, 911-12 (11th Cir. 2011).

### *III. ANALYSIS*

Plaintiff seeks final default judgment against Mr. Fitz-Ritson for his violations of the overtime and minimum wage provisions of the FLSA. The FLSA requires employers to pay covered employees (1) a regular hourly wage of at least $7.25, and (2) overtime pay at one and a half times their regular rate for all hours worked in excess of 40 hours per week. *See* 29 U.S.C. §§ 206(a)(1), 207(a)(1). To establish an FLSA claim for unpaid minimum and overtime wages, Plaintiff must show (1) that Mr. Fitz-Ritson employed her[3], (2) that Plaintiff is "covered" under the FLSA, (3) that Mr. Fitz-Ritson paid her less than $7.25 per hour, (4) that Plaintiff worked in excess of 40 hours per week, and (5) that Mr. Fitz-Ritson failed to pay

---

[3] An employee is covered by the FLSA if he or his employer "engaged in [interstate] commerce or in the production of goods for [interstate] commerce." 29 U.S.C. §§ 206(a)(1), 207(a)(1); *see id.* § 203(b). An employer meets this requirement if it has "(1) employees engaged in [interstate] commerce or handling goods moved in [interstate] commerce, and (2) annual gross volume of sales or business done of at least $500,000." *Jones v. Freedom Rain, TLC*, 401 F. App'x 409, 411 (11th Cir. 2010); *see also* 29 U.S.C. § 203(s)(1)(A).

4

overtime wages. *See Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1277 n.68 (11th Cir. 2008); *Sec'y of Labor v. Labbe*, 319 F. App'x 761, 763 (11th Cir. 2008).

Here, Plaintiff's complaint meets each of the required elements because it includes well-pled allegations that Mr. Fitz-Ritson was her employer [D.E. 1 at ¶ 12], that Mr. Fitz-Ritson regularly operated a business engaged in commerce or in the production of goods, *id.* at ¶ 2, that the business had an annual gross volume of $500,000 in sales, *id.* at ¶ 5, that Mr. Fitz-Ritson used instrumentalities of interstate commerce (mail, faxes, email and telephone calls) to assist in the operation of its pool table sales business, *id.* at ¶ 4, that Mr. Fitz-Ritson paid less than the federal minimum wage, *id.* at ¶ 19, that Plaintiff worked hours in excess of 40 per week, *id.* at ¶ 28, and that Mr. Fitz-Ritson failed to pay overtime wages as required, *id.* at ¶ 21. Given that Mr. Fitz-Ritson, as a defaulted defendant, is deemed to admit the well-pled allegations in Plaintiff's complaint, and the admitted facts are sufficient to establish liability without any response in opposition, the only question left is Plaintiff's request for damages. *See Cotton v. Mass. Mut. Life Ins. Co.,* 402 F.3d 1267, 1278 (11th Cir. 2005) (stating that "a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact.").

Plaintiff states that she worked for Defendants as a customer service representative and a salesperson from April 3, 2017 to February 20, 2019. [D.E. 1 at ¶ 18]. She provides in her declaration detailed mathematical calculations of her hours and wages over the same time period and concludes that Mr. Fitz-Ritson owes

her a total of $20,623.27 in unpaid minimum wages. [D.E. 71-1]. In addition, Plaintiff argues that she is entitled to $2,522.80 in overtime wages for one and one-half times her regular rate for all the hours worked in excess of forty hours per workweek. This includes a total of $1,077.30 in overtime for 2017 and $1,445.50 in overtime for 2018 for a total of $2,522.80 in overtime wages during the relevant time period. Thus, Plaintiff seeks a grand total of $23,146.07 ($20,623.27 plus $2,522.80) in damages for her minimum wage and overtime claims.

Next, Plaintiff says that she is entitled to liquidated damages because Defendants committed a willful violation of the FLSA. [D.E. 1 at ¶¶ 13, 14, 19, 20, 21, 22, 28, 31, 39, 40, 45]. A willful FLSA violation occurs when an employer "either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988). Under sub-section 216(b), an employer who violates the minimum wage or overtime provisions entitles an employee to an additional amount in liquidated damages:

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages.

29 U.S.C. § 216(b). By defaulting, Mr. Fitz-Ritson has admitted to the allegations in Plaintiff's complaint for failing to compensate for overtime and minimum wages and therefore he, like King Game, should be liable for liquidated damages in an

6

amount equal to "the amount of their unpaid minimum wages, or their unpaid overtime compensation[.]" *Id.*; *Weisel v. Singapore Joint Venture, Inc.,* 602 F.2d 1185, 1191 n.18 (5th Cir. 1979). Accordingly, Plaintiff's motion for overtime, minimum wage, and liquidated damages should be **GRANTED**.

The third issue is Plaintiff's request for fees and costs. The FLSA mandates that in any action brought by an employee to enforce section 206 or 207 of the Act, the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). In *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983), the United States Supreme Court stated that "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." This amount, which is commonly referred to as the lodestar, is then adjusted to reflect the "results obtained." *Id.* at 434; *accord Norman v. Hous. Auth.,* 836 F.2d 1292, 1299-1302 (11th Cir. 1988).

Although Plaintiff did not provide the Court with the necessary documentation to calculate a reasonable fee or cost award, she requests leave to do so after judgment is entered against Mr. Fitz-Ritson. That point is well taken as it eliminates the need to file separate motions for fees and costs against both Defendants. The Court should therefore reserve jurisdiction to award fees and costs and allow Plaintiff to file a motion to that effect within fourteen (14) days after

7

the District Judge adopts this Report and Recommendation.

## *IV. CONCLUSION*

For the foregoing reasons, Plaintiff's motion for final default judgment against Mr. Fitz-Ritson [D.E. 71] should be **GRANTED** for $23,146.07 in overtime and minimum wages and $23,146.07 in liquidated damages, plus statutory interest.[4] The Court should reserve jurisdiction to award fees and costs until the conclusion of this case.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, with the District Judge. Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v.*

---

[4] This is the same request for damages that Plaintiff sought and obtained against King Game. [D.E. 57]. Plaintiff is allowed to seek the same relief against Mr. Fitz-Ritson because "the FLSA provides for joint and several liability," *DeWitt v. Daley*, 336 B.R. 552, 556 (S.D. Fla. 2006), as an employer is defined under the statute as "any person acting directly or indirectly in the interest of an employer in relation to an employee[.]" 29 U.S.C. § 203(d). Indeed, "[t]he overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." *Patel v. Wargo*, 803 F.2d 632, 637–38 (11th Cir. 1986). King Game and Mr. Fitz-Ritson should therefore be held jointly and severally liable.

*Commissioner of Social Security,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND SUBMITTED** in Chambers at Miami, Florida this 24th day of February, 2021.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge